IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIRDEROUS CHRISTOPHER JONES, | § | |
| Petitioner, | § | |
| | § | 3:16-CV-1803-L |
| v. | § | 3:15-CR-0118-L |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2), and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On March 21, 2016, the district court sentenced him to 68 months in prison. He did not file an appeal.

II.

On June 27, 2016, Petitioner filed the instant § 2255 petition. Petitioner claims his sentence should be vacated based on the Supreme Court's decision in *Johnson v. United States*,

___ U.S. ___, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act's ("ACCA") "violent felony" definition is void for vagueness. Petitioner, however, was not sentenced under the ACCA. Instead, his offense level was increased under § 2K2.1 of the sentencing guidelines because (1) he possessed a firearm after being convicted of a previous controlled substance offense; (2) he possessed a stolen firearm; and (3) he possessed a firearm in connection with another felony offense. (PSR ¶¶ 22-24.)

Under the Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), Petitioner's challenge to the increase of his offense level under the sentencing guidelines is without merit. *Beckles* held that the sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* Petitioner's claims under *Johnson* are therefore without merit, and his petition should be denied.

Additionally, Petitioner's claim is procedurally barred because he failed to raise the claim on direct appeal. The *Johnson* case was decided on June 26, 2015, which was prior to the March 22, 2016, final judgment in Petitioner's case. Petitioner therefore could have raised his *Johnson* claim on direct appeal.

When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted, and can only be considered under § 2255 if petitioner can show cause for his failure to

Page 2

raise the claim on direct appeal, and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995). Petitioner has failed to show cause why he did not raise these claims on direct appeal. Additionally he has failed to show that he is actually innocent. Petitioner's claim is therefore procedurally barred.

### III.

For the foregoing reasons, the Court recommends that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 22 day of Sept, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).